NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| DONELL L. PRINCE : | |
| : | |
| Plaintiff, : | Civil Action No. 09-5429(JLL) |
| : | |
| v. : | |
| : | OPINION |
| SGT. THOMAS AIELLOS, et al : | |
| : | |
| Defendants. : | |

**HAMMER, United States Magistrate Judge**

**I. INTRODUCTION**

This matter comes before the Court on the plaintiff's motion for leave to file a fourth amended complaint (ECF No. 180), to add as defendants the Housing Authority of Bergen County, Courtney Hoehl, Ann Stein, Robert Colombini, and Lynn Bartlett (collectively "HABC defendants"). The proposed amended complaint asserts claims against the HABC defendants pursuant to 42 U.S.C. § 1983 for violations of the Due Process Clause of the Fourteenth Amendment and 42 U.S.C. § 1437f of the United States Housing Act, for wrongfully terminating his Section 8 rental assistance. Plaintiff also seeks to add a claim for damages against Sergeant Thomas Aiellos for causing the loss of these benefits. In addition, the motion requests a temporary stay in discovery. For the reasons set forth below, plaintiff's motion is denied.

**II. BACKGROUND**

   **A. Factual Background**

The parties are familiar with the extensive factual background of this case, thus it will not be repeated here at length.[1]  Plaintiff commenced the instant cause of action on October 23, 2009, alleging various claims pursuant to 42 U.S.C. § 1983 against numerous defendants.  (Opinion at 6, ECF No. 117.)  Plaintiff alleges, *inter alia*, that on May 25, 2005, he was falsely arrested and charged by Aiellos with several "fictitious" crimes.  (Third Am. Compl., Oct. 27, 2012, ECF No. 119; Proposed Fourth Amended Complaint ("Fourth Am. Compl.") ¶¶ 13, 23, Feb. 21, 2012, ECF No. 180-1.)  Plaintiff was placed in county jail and was released on bail on August 30, 2005.  (Opinion at 5, ECF No. 137; Fourth Am. Compl. ¶¶ 13, 23.)  Ultimately, the criminal charges against plaintiff were dismissed on October 25, 2007.  (Opinion at 6, ECF No. 137; Fourth Am. Compl. ¶¶ 13, 23.)  Plaintiff's malicious prosecution claim against Aiellos is the only remaining claim in the instant action.  (Order, Feb. 22, 2011, ECF No. 155.)

Plaintiff seeks leave to file a fourth amended complaint that adds new claims and defendants.  (Motion to Am., ECF No. 180.)  According to the proposed fourth amended complaint, Plaintiff had been receiving rental assistance under 42 U.S.C. § 1437f, commonly referred to as the Section 8 program, since June 1999.  (Fourth Am. Compl. ¶ 12.)  Plaintiff further alleges that around June 8, 2005, plaintiff's landlord attempted to contact plaintiff to make repairs in his apartment, and was told that plaintiff had been arrested.  (*Id.* ¶ 14, Ex. 4-b.)  Courtney Hoehl, the housing subsidy specialist at HABC, contacted Robert Colombini, HABC's fraud investigator, to "look into plaintiff's arrest."  (*Id.* ¶ 15, Ex. 4-c.)  According to plaintiff, Colombini contacted the Hackensack Police Department and the Bergen County jail and learned that plaintiff was in custody with bail set at $50,000.  (*Id.* ¶ 16.)  He also received copies of the

---

[1] *See* Opinion, Oct. 8, 2010, ECF No. 117; Opinion, Dec. 21, 2010, ECF No. 137.

police investigation report listing the crimes plaintiff allegedly committed. (*Id.*) Plaintiff also contends that Colombini summarized the information he received in a memo to Hoehl and concluded that the information provided evidence of a program violation. (*Id.*; Ex. 4-d.) Plaintiff alleges that on June 10, 2005, Hoehl sent a letter notifying plaintiff that he had violated the "one strike and your [sic] out" policy and that his rental assistance would be terminated on August 1, 2005. (*Id.* ¶ 17; Exs. 4-E, K, ECF No 180-1.) The letter also informed plaintiff that he had ten days from the date of the letter to request a hearing on the matter. (*Id.* ¶ 17; Exs. 4-E, K, ECF No. 180-1.)

Plaintiff claims he learned about Hoehl's letter after he was released from jail on August 30, 2005. (*Id.* ¶ 18.) Plaintiff alleges that, after leaving jail, he called HABC to discuss reinstating his benefits and explained to someone there, possibly Hoehl's supervisor, that he did not violate the one strike rule or commit any crimes. (*Id.* ¶ 19.) The supervisor allegedly told plaintiff that the police complaint alone was enough to terminate his benefits, and that he would not be entitled to a hearing or to have his benefits reinstated until he had a court order dismissing the charges. (*Id.*) Plaintiff claims that he was told to contact HABC to request a hearing after the charges were dismissed. (*Id.*)

According to the proposed amended complaint, on October 25, 2007, the charges against plaintiff were dismissed and, on December 20, 2007, plaintiff sent a letter to Stephanie Sutera to try to schedule a hearing. (*Id.* ¶ 20.) Northeast New Jersey Legal Services attorney Mark W. Welsh also sent letters about the matter to Sutera and Ann Stein at HABC. (*Id.;* Ex. 4-m.) Plaintiff claims that HABC never responded to any of the letters. (*Id.*)

Plaintiff alleges that he contacted the United States Department of Housing and Urban

Development ("HUD") by phone and by letter dated August 6, 2011 to complain about HABC's failure to provide a hearing regarding the termination of his Section 8 rental assistance. (*Id.* ¶ 21(a)). Plaintiff further claims that he sent a similar letter to HABC on or around September 14, 2011. (*Id.* ¶ 21(b); Ex. 4-G.) Plaintiff claims that a director at the HABC, Lynn Bartlett, sent him a letter dated September 28, 2011. (*Id.*) The letter stated that the two-year delay between plaintiff's termination notice and his initial request for a hearing exceeded the 10-day time frame established for requesting a hearing, that the HABC determined that plaintiff waived his right to a hearing, and that the HABC's "decision to terminate is final." (*Id.*) The letter also noted that this information was conveyed to Mark Welsh on February 7, 2008. (*Id.*)

Plaintiff claims that he also received a letter from Delores A. Melvin, a director at HUD, dated November 4, 2011, explaining that HUD regulations only require that a Section 8 participant be given the opportunity to request an informal hearing. (*Id.* ¶ 21(c); Ex. 4-H.) The letter stated that "the [HABC] did not violate any HUD regulations by terminating [plaintiff's] Section 8 Voucher assistance." (*Id.*) The letter advised plaintiff that he could attend a HABC Board of Commissioners Meeting where he could address the board and formally request that his Section 8 Housing Choice Voucher be reinstated. (*Id.*)

According to the proposed amended complaint, on November 21, 2011, plaintiff attended a HABC board meeting, informed the board of what happened, and told them that the loss of these benefits were part of this civil rights action. (Fourth Am. Compl. ¶ 21(d).) Plaintiff claims that Terrence J. Corriston, HABC's attorney, told him that he would look into the matter and call him. (*Id.*) When he did not hear from the attorney, plaintiff claims that he attended another board meeting on December 19, 2011 and asked Corriston about his matter. (*Id.*) Plaintiff

alleges that Corriston directed him to contact Lynn Bartlett to review his file.  (*Id.*)

Plaintiff claims that on December 29, 2011, he met with Bartlett and Larry Yates, a tenant advocate.  (*Id.* ¶¶ 21(d)(f).)  Plaintiff contends that Bartlett told him that his "Section 8 rental assistance was wrongly terminated . . . based on a complaint filed by the police instead of a conviction and that [he] was given the wrong information about get[ting] a hearing on [his] termination after the matter was dismissed by the court."  (*Id.* ¶ 21(e)).  Plaintiff requested a copy of his records from HABC on December 29, 2011 and obtained them on January 26, 2012.  (*Id.* ¶ 21(g).)

**B. Procedural Background**

On October 23, 2009, plaintiff, proceeding *pro se* in this matter, filed a complaint naming approximately twenty-eight defendants.  (Compl., Oct. 23, 2009, ECF No. 1.)  Plaintiff filed an amended complaint in February 2010.  (Am. Compl., Feb. 16, 2010, ECF No. 5.)  Defendant Bergen Regional Medical Center filed a motion to dismiss on April 5, 2010, which was joined by defendants E. Fahey and Care Plus NJ, Inc. and, on April 23, 2010, defendants' motion to dismiss was granted.  (Order, Apr. 23, 2010, ECF No. 40.)

On May 7, 2010, plaintiff filed a motion to vacate the Court's April 23, 2010 decision. (Mot. to Vacate, May 7, 2010, ECF No. 45.)  Plaintiff also sought leave to file a second amended complaint, which the Court granted on July 12, 2010.  (Mot. to Am., May 20, 2010, ECF No. 54.)  The second amended complaint was filed in August 2010.  (Second Am. Compl., Aug. 6, 2010, ECF No. 87.)  Seven motions to dismiss were subsequently filed.  On October 8, 2010, the Court granted in part and denied in part the motions.  (Opinion and Order, Oct. 8, 2012, ECF Nos. 117, 118.)  Specifically, the Court held that plaintiff's case may proceed solely as to

plaintiff's malicious prosecution claim against Sergeant Thomas Aiellos, and all other claims and defendants were dismissed. (*Id.*) The Court granted plaintiff leave to file a third amended complaint to attempt to cure the pleading deficiencies in the claims for conspiracy and equal protection. (*Id.*)

On October 27, 2010, plaintiff filed a third amended complaint. (ECF No. 119.) Three motions to dismiss were filed and the Court dismissed all claims as to all defendants except: (1) the malicious prosecution claim against Aiellos and (2) the equal protection claim against Janice Behnke. (Opinion and Order, Dec. 22, 2010, ECF Nos. 137, 138.) On, December 29, 2010, Behnke filed a motion to dismiss the equal protection claim against her, which the Court granted. (Order, Feb. 22, 2011, ECF No. 155.)

On May 12, 2011, the Honorable Magistrate Judge Claire C. Cecchi ordered that any motions to amend the pleadings or to add parties shall be filed by September 9, 2011. (Scheduling Order, May 12, 2011, ECF No. 160.) On November 4, 2011, plaintiff filed a motion to stay the matter, and a motion for reconsideration of the Court's October 8, 2010 order which the court denied. (Mot. to Stay, ECF No. 166; Mot. For Reconsideration, ECF No. 167; Letter Opinion and Order, Nov. 29, 2011, ECF No. 177.) The parties also sought an extension of the discovery deadlines. (ECF Nos. 163 and 165.) The Court extended the deadline for fact discovery to February 20, 2012 and for the completion of expert discovery to May 21, 2012. (Order, Nov. 21, 2011, ECF No. 176.)

During a telephone status conference on January 24, 2012, held on the record, plaintiff told the Court that he might seek to add new defendants. The Court explained that plaintiff would need to first file a motion and that he would have to show good cause under Rule 16.

On February 8, 2012, plaintiff filed a motion for leave to amend the complaint that did not include a proposed fourth amended complaint. (Mot. to Am., Feb. 8, 2012, ECF No. 178.) On February 21, 2012, plaintiff filed another motion for leave to file a fourth amended complaint and also included the proposed amended complaint. (Mot. to Am., Feb. 21, 2012, ECF No. 180.)

Plaintiff's proposed fourth amended complaint adds new defendants and claims related to the termination of his Section 8 housing assistance (Fourth Am. Compl., Feb. 21, 2012, ECF No. 180-1.) Plaintiff's proposed complaint also adds an allegation that Aiellos, by maliciously prosecuting him, directly caused the loss of his Section 8 assistance and is liable for the resulting damages. (*Id.* ¶ 23.) On April 12, 2012, defendant Aiellos filed a brief opposing the motion. (Opp'n, Apr. 12, 2012, ECF No. 184.) On April 23, 2012, plaintiff filed a reply brief. (Reply, Apr. 23, 2012, ECF No. 186.)

### III. ARGUMENTS

#### A. Plaintiff's Motion to Amend the Complaint

The proposed claims allege that defendants "deprived Plaintiff of the rights, privileges and immunities secured to Plaintiff by the Fourteenth Amendment to the Constitution of the United States; and violated the Due Process Clause of the Fourteenth Amendment and under the Civil Rights Act (42 U.S.C. § 1983); and the federal regulation[s] governing the Section 8 program under 42 U.S.C. § 1437f . . .." by wrongfully terminating plaintiff's Section 8 assistance. (Fourth Am. Compl. ¶ 10(f).) Plaintiff seeks damages from the proposed defendants and Aiellos to compensate him for the loss of his Section 8 assistance from the date of termination to the present, with interest. (*Id.* ¶¶ 23-30.)

Plaintiff argues that, pursuant to the entire controversy doctrine and Federal Rule of Civil

Procedure 15(a)(2), which provides that leave to amend should be freely given in the interests of justice, he should be permitted to file the proposed fourth amended complaint. (Certification in Support of Leave to Am. ("Certification") at 9 ¶ 12, ECF No. 180-1.) Plaintiff also contends that Federal Rule of Civil Procedure 15(c) is applicable and that he meets the rule's requirements. (*Id.* at 10.) Plaintiff claims that the HABC defendants received notice of the litigation and would not be prejudiced in having to defend against these claims because, during the Board of Commissioners meeting on November 21, 2011, plaintiff informed the board and its attorney Terrence J. Corriston of Breslin & Breslin that "the loss of [his] rental assistance was part of the damages from a federal civil rights action." (*Id.* at 12.) Plaintiff also contends that the HABC defendants had notice of plaintiff's losses because another attorney from the Breslin & Breslin law firm represented a defendant that was dismissed earlier in the litigation. (*Id.*.) According to plaintiff, he also provided notice of the action when he sent a document subpoena to the HABC on January 20, 2012 and, prior to this motion being filed, he filed a Notice of Claim. (*Id.*)

In addition, Plaintiff asserts that allowing the proposed amendments would not prejudice Aiellos or the new parties "because the amendment would only deal with the loss of rental assistance." (*Id.* at 10-11.) Plaintiff claims that, because discovery is still ongoing and plaintiff's deposition has not yet occurred, no party would be prejudiced.[2] (*Id.* at 11.) Plaintiff also requests, through the instant motion, a temporary stay in discovery to prevent prejudice to [the] potential [HABC] defendants who may want to participate in discovery. (*Id.* at 13.)

---

[2] Pursuant to the Court's order filed on November 21, 2011, fact discovery closed on February 20, 2012, and expert discovery closed on May 21, 2012. (Order, Nov. 21, 2011, ECF No. 176.) Neither party has sought an extension of these deadlines.

### B. Defendant's Opposition

In response, defendant argues that plaintiff's motion should be denied because "plaintiff has had numerous prior opportunities" to amend his complaint to "identify additional parties" and has failed to do so. (Opp'n at 2, ECF No. 184.) Defendant contends that allowing plaintiff to amend his complaint for the fifth time, seven years after the underlying events occurred, and three years after plaintiff initiated this action, would "needlessly prolong this already protracted litigation." (*Id.*) Defendant also argues that the claims plaintiff seeks to add against the HABC defendants would be "barred by any applicable statute of limitations," and would be futile. (*Id.*)

### C. Plaintiff's Reply

In reply, plaintiff argues that "amendments should be freely given by the court when justice so requires and/or when defendant or objecting party fails to show that this would prejudice that party's action or defense on the merits" and "when new information comes to light." (Reply at 2 ¶ 3, ECF No. 186.) Plaintiff also argues that the statute of limitations is not an issue "because there was never a final determination" in the matter regarding the wrongful termination of plaintiff's Section 8 benefits. (*Id.* at 2-3 ¶ 4(b).) Plaintiff contends that the statute of limitations on plaintiff's claims under § 1983 related to the Due Process Clause and Section 8 starts to run upon the final determination of this matter. (*Id.*)

Plaintiff also claims that Aiellos would not be prejudiced by the amendment. (*Id.* at 4 ¶ 5(b).) Plaintiff contends that Aiellos, by maliciously prosecuting him, was "the direct proximate cause" of his assistance being terminated, and the amendment would limit the damages Aiellos owes to plaintiff. (*Id.*) In addition, plaintiff contends that the entire controversy doctrine and relation back rule apply, and, because "discovery . . . is still early," the proposed amendments

-9-

would not prolong the litigation.  (*Id.* at 4 ¶ 5(c).)

**IV. DISCUSSION**

Pursuant to Federal Rule of Civil Procedure 15(a)(2), "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). However, in this case, plaintiff did not comply with the September 9, 2011 deadline for amending the pleadings set forth in the Court's scheduling order.  Therefore, the Court must first consider whether there is good cause for plaintiff's failure to comply with the Scheduling Order and permit an amendment at this late date.  *Graham v. Progressive Direct Ins. Co.*, 271 F.R.D. 112, 118 (W.D. Pa. 2010); *see also Assadourian v. Harb*, No. 06-cv-896, 2008 WL 4056361, at *2 (D.N.J. Aug. 28, 2008) (finding that motion to amend after scheduling order deadline has passed should be treated as request to amend pretrial scheduling order).

      **A.**      **Good Cause to Adjust Scheduling Order Under Rule 16**

Rule 16 authorizes courts to enter schedules for proceedings.  Fed. R. Civ. Pro. 16.  The purpose of Rule 16 is to provide for the judicial control over a case, streamline proceedings, maximize the efficiency of the court system, and actively manage the timetable of case preparation to expedite the speedy and efficient disposition of cases.  *Newton v. A.C. & S., Inc.*, 918 F.2d 1121, 1126 (3d Cir. 1990).  "Once the pretrial scheduling order's deadline for filing motions to amend the pleadings has passed, a party must, under Rule 16(b), demonstrate good cause for its failure to comply with the scheduling order before the trial court can consider, under Rule 15(a), the party's motion to amend its pleading." *Graham*, 271 F.R.D. at 118 (internal quotation marks omitted).  Rule 16, rather than Rule 15, governs in these situations "because scheduling orders would otherwise 'be nullified if a party could inject amended pleadings upon a

showing of less than good cause after scheduling deadlines have expired.'" *Stallings ex rel. Estate of Stallings v. IBM Corp.*, No. 08-3121, 2009 WL 2905471, at *16 (D.N.J. Sept. 8, 2009) (quoting *Harrison Beverage Co. v. Dribeck Importers, Inc.*, 133 F.R.D. 463, 469 (D.N.J. 1990)). "To argue that there should be a liberal policy of freely permitting amendments is to ignore . . . the purposes of case management and the scheduling orders which 'are at the heart of case management.'" *Harrison Beverage*, 133 F.R.D. at 469 (quoting *Koplove v. Ford Motor Co.*, 795 F.2d 15, 18 (3d Cir. 1986)).

Whether Rule 16(b)'s good cause requirement is met depends on the diligence of the party seeking to modify the scheduling order. *Chancellor v. Pottsgrove Sch. Dist.*, 501 F.Supp. 2d 695, 701 (E.D. Pa. 2007). Thus "if the party was not diligent, there is no good cause for modifying the scheduling order and allowing the party to file a motion to amend its pleading." *Id.* The moving party has the burden of demonstrating that "despite its diligence, it could not reasonably have met the scheduling order deadline." *Hutchins v. United Parcel Service, Inc.*, No. 01-1462, 2005 WL 1793695, at *3 (D.N.J. July 26, 2005). The Court has "great discretion in determining what kind of showing the moving party must make in order to satisfy the good cause requirement of Fed. R. Civ. P. 16(b)." *Thoman v. Philips Med. Sys.*, No. 04-3698, 2007 WL 203943, at *10 (D.N.J. Jan. 24, 2007). In addition, "the absence of prejudice to the non-moving party does not constitute good cause." *Harbor Laundry Sales, Inc. v. Mayflower Textile Servs. Co.*, Civ. No. 09-6259, 2011 WL 6303258, at *5 (D.N.J. Dec. 16, 2011) (citation omitted).

Courts have consistently found that "the standard is not satisfied when a party was aware of the facts that would lead it to amend and failed to act on it." *Roggio v. F.B.I.*, No. 08-4991, 2011 WL 3625042, at *5 (D.N.J. Aug. 17, 2011). "A party is presumptively not diligent if, at the

commencement of the lawsuit, the party knows or is in possession of information that is the basis for that party's later motion to amend." *Chancellor*, 501 F.Supp. 2d at 702.  *See also Stallings*, 2009 WL 2905471, at *16 (denying motion to amend because plaintiff "had sufficient information to state the proposed claims well in advance of the Scheduling Order deadline"); *see also Kennedy v. City of Newark*, Civ. No. 10-1405, 2011 WL 2669601, at *2 (D.N.J. July 7, 2011) ("The most common basis for finding a lack of good cause is the party's knowledge of the potential claim before the deadline to amend has passed.").  If a movant had the knowledge necessary to file a motion prior to the expiration of the Court's deadline, and provides no satisfactory explanation for the delay, the Court has the discretion to deny the motion.  *See Dimensional Commc'n, Inc. v. OZ Optics, Ltd.*, 148 F. App'x 82, 85 (3d Cir. 2005) (upholding court's finding that movant could not satisfy "good cause" standard because it "was in possession of the facts underlying its proposed counterclaim well before amendment deadline").

   Here, the Court finds that plaintiff has failed to demonstrate good cause for allowing an amendment well after the Court's scheduling order deadline.  As noted above, the deadline to amend the pleadings passed on September 9, 2011 – five months before plaintiff filed the instant motion to amend.  (Scheduling Order at 1 ¶ 3, ECF No. 160.)  Plaintiff contends that new information gave rise to the proposed new defendants and claims, and that he alerted the court that he may be moving to amend the complaint.  (Certification at 9, 11 ¶ 12, ECF No. 180-1.)  However, the Court finds that plaintiff's arguments lack merit and do not constitute good cause for allowing an amendment at this juncture of the litigation.

   Plaintiff asserts that he recently discovered facts that provide the basis for the new defendants and claims regarding the loss of his Section 8 rental assistance.  The facts alleged in

the proposed amended complaint show that plaintiff's Section 8 assistance was terminated by letter on June 10, 2005, because of plaintiff's arrest. (Fourth Am. Compl. ¶ 17, Ex. 4-E, K.) The criminal charges against plaintiff were dismissed on October 25, 2007. (*Id.* ¶ 20.) On December 17, 2007, over two years after plaintiff's Section 8 assistance was terminated, plaintiff claims that he and his Legal Services attorney sent letters to the HABC requesting a hearing, but received no response. (*Id.* ¶ 20.) Plaintiff next alleges that on August 6, 2011 – six years after his Section 8 benefits were terminated and almost two years after the complaint in this action was filed – plaintiff wrote letters to HABC and HUD seeking a hearing regarding the termination of his benefits. (Fourth Am. Compl. ¶ 21(a).) Plaintiff provides no explanation for why he waited from December 2007 until August 2011 to pursue the matter further. On September 28, 2011 and November 4, 2011 respectively, plaintiff alleges that he received letters from the HABC and HUD stating that, because he had not requested a hearing within ten (10) days of the termination notification, he waived his right to a hearing. (Fourth Am. Compl. Exs. 4G and 4H.) The letters also explained that the decision not to provide a hearing was final. (*Id.*)

   This "new" information should have been evident to plaintiff long before he sought leave to amend his complaint to add the HABC defendants and claims. HABC terminated plaintiff's Section 8 rental assistance by letter dated June 2005 and never granted his request for a hearing. As early as August 1, 2005, plaintiff had the facts that form the basis of his due process and § 1437f claims. Notably, plaintiff alleged damages for the "loss of rent assistance" in all of his four prior complaints. (Compl. at 34 ¶ 32(b), Oct. 23, 2009, ECF No. 1; Am. Compl. at 35 ¶ 33(c), Feb. 16, 2010, ECF No. 5; Second Am. Compl. at 46 ¶ 33(c), Aug. 6, 2010, ECF No. 87; Third Am. Compl. at 43 ¶ 37(c), Oct. 27, 2010, ECF No. 119.) Yet, plaintiff chose not to name

the HABC defendants in any of his earlier pleadings.

The Court finds that plaintiff has failed to demonstrate the requisite diligence in pursuing the claims he proposes to add. Even if plaintiff was uncertain about whether the HABC planned to give him a hearing regarding the termination of his benefits, the letter he received on September 28, 2011 clearly stated the HABC's position that plaintiff waived his right to a hearing, and that the decision was final. Yet, plaintiff waited until February 21, 2012 – nearly five months after receiving this letter – to move to amend his complaint. The diligence standard "is not satisfied when a party was aware of the facts that would lead it to amend and failed to act on it." *Roggio*, 2011 WL 3625042, at *5. Thus, it appears that, until now, plaintiff simply chose not to pursue any of the claims related to his Section 8 assistance.

The Court also finds unpersuasive plaintiff's argument that he gave the Court notice that he might seek to amend his complaint. Plaintiff contends that he alerted the Court that he would likely be amending the complaint in letters dated April 6, 2010 and April 4, 2011. (Certification at 11 ¶ 12, ECF No. 180-1; Prince Letter, Apr. 6, 2010, ECF No. 34; Prince Letter, Apr. 4, 2011, ECF No. 159.) Indeed, subsequent to the April 6, 2010 letter, plaintiff filed a motion seeking leave to file an amended complaint, which the Court granted. (Mot. to Am., May 20, 2010, ECF No. 54.) However, that motion did not seek to add the HABC defendants or claims related to the loss of his Section 8 housing assistance. (*See Id.*) Shortly after receiving plaintiff's April 4, 2011 letter, the Court entered the scheduling order setting the September 9, 2011 deadline to amend the pleadings. (Scheduling Order, May 12, 2011, ECF No. 160.) Plaintiff had five months to file a timely motion requesting leave to amend the complaint, but failed to do so.

Plaintiff's argument that he told the Court on January 24, 2012, during a phone

-14-

conference, that he might seek to amend the complaint also fails.  (Certification at 11 ¶ 12, ECF No., 180-1.)  At the time of the phone conference, well past the deadline to amend, the Court informed plaintiff that he would need to show good cause to amend his complaint.  However, none of plaintiff's arguments demonstrate good cause to modify the scheduling order or to permit the amendment at this late date.  Thus, plaintiff's motion is denied.

## V. CONCLUSION

For the reasons stated above, the Plaintiff's Motion for Leave to File an Amended Complaint and for a Stay in Discovery is denied.  The Court will issue an order consistent with this Opinion.

s/Michael A. Hammer  
**UNITED STATES MAGISTRATE JUDGE**

Date: May 22, 2012