**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| DONNELL L. PRINCE, | Civil Action No.: 09-5429 (JLL) |
| Plaintiff, | |
| v. | **OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION** |
| THOMAS AIELLOS, et al., | |
| Defendants. | |

**LINARES**, District Judge.

This matter comes before the Court by way of Pro Se Plaintiff Donnell L. Prince ("Plaintiff")'s objection to the May 22, 2012 Report and Recommendation of United States Magistrate Judge Michael A. Hammer regarding Plaintiff's Motion for Leave to File an Amended Complaint pursuant to Fed. R. Civ. P. 15(a)(2) and for a Stay in Discovery. [Docket Entry No. 180]. Pursuant to Local Civil Rule 72.1(c)(2), this Court has reviewed Magistrate Judge Hammer's May 22, 2012 Report and Recommendation to which Plaintiff has objected. For the reasons set forth below, the Court adopts the May 22, 2012 Report and Recommendation.

## I. BACKGROUND

A detailed factual background of this case has been set forth in the May 22, 2012 Report and Recommendation, and need not be repeated here, except where necessary to provide context for this Court's review of Magistrate Judge Hammer's Report and Recommendation.

As discussed in the Report and Recommendation, Plaintiff has amended his original Complaint three times. (R&R, at 2). After extensive motion practice and amended complaints, the only remaining claim in the instant action is Plaintiff's malicious prosecution claim against Defendant Aiellos. (See Feb. 22, 2011 Order [Docket Entry No. 155]). Through his motion to amend, Plaintiff hopes to supplement the remaining claim for malicious prosecution as against Defendant Aiellos with claims against the Housing Authority of Bergen County, Courtney Hoehl, Robert Colombini, Anne Stein and Lynn Bartlett (collectively, the "HABC Defendants") resulting from his purported loss of rental assistance which resulted from his arrest based on the following alleged facts.

Plaintiff's alleged injuries stem as stated in his Complaint stem from a purported false arrest on May 25, 2005, by Defendant Sargeant Thomas Aiellos, and his subsequent loss of rental assistance under 42 U.S.C. § 1437f (the "Section 8 Program"). (Third Am. Compl. [Docket Entry No. 119]). Plaintiff was charged and detained from the date of his arrest on March 25, 2005 until he released was released on bail approximately three months later on August 30, 2005. (R&R, at 2). While Plaintiff was detained, he alleges that his landlord attempted to contact him in order to make repairs in his apartment around June 8, 2005, and the landlord was then told that Plaintiff had been arrested. (Proposed Fourth Am. Compl., ¶ 14). Courtney Hoehl, the housing subsidy specialist at HABC, contacted Robert Colombini, HABC's fraud investigator, to "look into plaintiff's arrest," and, according to Plaintiff, Mr. Colombini contacted the Hackensack Police Department and the Bergen County jail. (Id. ¶ 15). Mr. Colombini learned that Plaintiff was in custody with bail set at $50,000 and received copies of a police investigation

report listing the crimes that Plaintiff had allegedly committed. (Id. ¶16). Plaintiff claims that Mr. Colombini then summarized this information and sent it in a memo to Ms. Hoehl, concluding in that memo that the information provided evidence of a program violation. (Id.; Ex. 4-d).

According to Plaintiff's proposed fourth complaint, on June 10, 2005, Ms. Hoehl sent Plaintiff a letter notifying him that, since he had violated the "one strike and you're out" policy, his rental assistance would be terminated on August 1, 2005. (Id. ¶ 17; Exs. 4-E, K). Ms. Hoehl's letter also notified him that he had ten days from the date of the letter to request a hearing on the matter. (Id.; Exs. 4-E, K). Since Plaintiff was in jail at the time the letter was sent, he did not learn of Ms. Hoehl's letter until after his release from jail on August 30, 2005. (Id. ¶ 18). After Plaintiff was released, he called HABC to discuss reinstating his benefits, and explained to someone there, possibly Ms. Hoehl's supervisor, that he did not violate the one-strike rule or commit any crimes. (Id. ¶ 19). The supervisor allegedly told Plaintiff that the police complaint alone was enough to terminate his benefits, and that he would not be entitled to a hearing or to a reinstatement of his benefits until he received a court order dismissing the criminal charges. (Id.). According to Plaintiff, said "supervisor" told him that, once the charges were dismissed, Plaintiff should contact HABC to request a hearing. (Id.).

The criminal charges stemming from Plaintiff's arrest were dismissed on October 25, 2007. (Dec. 22, 2010 Op., at 6). On December 20, 2007, Plaintiff sent a letter to Stephanie Sutera to try to schedule a hearing. (Proposed Fourth Am. Compl., ¶ 20). Plaintiff claims that Northeast New Jersey Legal Services attorney Mark W. Welsh also

3

sent letters on his behalf to Ms. Sutera and to Anne Stein at HABC, but HABC did not respond to any of the letters. (Id.; Ex. 4-m).

On October 23, 2009, Plaintiff commenced the instant action by filing his original Complaint. [Docket Entry No. 1]. Plaintiff amended his first complaint on February 16, 2010, and with leave granted by the Court, amended his complaint a second time on August 6, 2010. [Docket Entry Nos. 5, 87]. After this Court granted in part and denied in part a motion to dismiss Plaintiff's Second Amended Complaint, Plaintiff filed a Third Amended Complaint on October 27, 2010. [Docket Entry Nos. 117, 118, 119].

Then, on May 12, 2011, Magistrate Judge Claire C. Cecchi ordered that any motions to amend the pleadings or to add parties need be filed by September 9, 2011. [Docket Entry No. 160]. Following the issuance of that Order, Plaintiff made efforts to get more information regarding the termination of his Section 8 rental assistance. Specifically, Plaintiff states that he contacted the United States Department of Housing and Urban Development ("HUD") by phone and by a letter dated August 6, 2011, complaining about HABC's failure to provide a hearing regarding the termination of his Section 8 rental assistance. (Proposed Fourth Am. Compl., ¶ 21(a)). Plaintiff claims that he also sent a similar letter to HABC on or around September 14, 2011. (Id. ¶ 21(b); Ex. 4-G). On September 28, 2011, Plaintiff claims that Lynn Bartlett, the director of HABC, sent him latter stating that the two-year delay between Plaintiff's termination notice and his initial request for a hearing exceeded the ten-day time frame established for requesting a hearing, that HABC determined that Plaintiff had thus waived his right to a hearing, and that HABC's "decision to terminate is final." (Id.). The letter also noted that this information had been conveyed to Mr. Welsh on February 7, 2008. (Id.).

4

Plaintiff claims that he also received a response from Delores A. Melvin, a director at HUD, dated November 4, 2011, explaining that HUD regulations only require that a Section 8 participant be given the opportunity to request an informal hearing, and that "the [HABC] did not violate any HUD regulations by terminating [Plaintiff's] Section 8 Voucher assistance." (Id. ¶ 21(c); Ex. 4-H). The HUD letter advised Plaintiff that he could attend an HABC Board of Commissioners Meeting to address the Board and formally request that his Section 8 Housing Choice Voucher be reinstated. (Id.).

While Plaintiff was communicating with the HABC and HUD regarding his benefits, he remained active in the instant matter in this Court. On November 4, 2011, Plaintiff filed a motion to stay the matter to deal with health and medical issues. [Docket Entry Nos. 166]. The Parties also requested an extension of discovery deadlines. [Docket Entry Nos. 163, 165]. This Court extended the discovery deadlines for fact and expert discovery on November 22, 2011, and denied Plaintiff's motion to stay on November 29, 2011. [Docket Entry Nos. 176, 177].

On November 21, 2011, Plaintiff purportedly attended the HABC Board of Commissioners Meeting, informed the Board of what had happened to him with respect to the termination of his Section 8 rental assistance, and also told them that said termination were a component of a civil rights action, namely, the instant matter. (Id. ¶ 21(d)). Plaintiff claims that, at that November 21, 2011 Meeting, Terrence J. Corriston, HABC's attorney, told him that he would look into the matter and call him, but when Plaintiff did not hear from him, he attended another Board Meeting on December 19, 2011. (Id.). At the December 19, 2001 Meeting, he followed up with Mr. Corriston and asserts that Mr. Corriston told him to contact Lynn Bartlett to review his file. (Id.).

On December 29, 2011, Plaintiff states that he met Ms. Barlett and Larry Yates, a tenant's advocate, and Ms. Bartlett told him that his "Section 8 rental assistance was wrongly terminated . . . based on a complaint filed by the police instead of a conviction and that [he] was given the wrong information about get[ting] a hearing on [his] termination after the matter was dismissed by the court." (Id. ¶ 21(d)-(f)). On the same date, Plaintiff requested a copy of his records from HABC. (Id. ¶ 21(g)). Plaintiff obtained said copy of his records on January 26, 2012. (Id.).

Prior to his alleged receipt of a copy of his records, Plaintiff notified the Court that he might seek to add new defendants during a January 24, 2012 Telephone Conference conducted by Magistrate Judge Hammer. (R&R, at 6). The Court explained that Plaintiff would first need to file a motion, and that he would be required to show good cause pursuant to Rule 16. (Id.). The January 24, 2012 Telephone Conference was conducted on the record. (Id.). On February 8, 2012, Plaintiff filed a motion for leave to amend his Third Amended Complaint, but the motion did not include a proposed fourth amended complaint. [Docket Entry No. 178]. On February 21, 2012, Plaintiff filed another motion for leave to amend, including the proposed fourth amended complaint. [Docket Entry No. 180]. The proposed fourth amended complaint: (1) added an allegation that Defendant Aiellos, by maliciously prosecuting him, directly caused the loss of his Section 8 assistance and is liable for the resulting damages; and (2) added the HABC Defendants and claims against them arising from the termination of his Section 8 rental assistance. [Id.]. The motion to amend was filed more than five months and twelve days after the deadline for filing motions to amend issued by Magistrate Judge Cecchi in her May 12, 2011 Scheduling Order.

On February 23, 2012, Plaintiff's motion to amend was referred to Magistrate Judge Hammer pursuant to 28 U.S.C. § 636(b)(1)(B), Rule 72(b) of the Federal Rules of Civil Procedure, and Rule 72.1(a)(2) of the Local Civil Rules. On May 22, 2012, Magistrate Judge Hammer issued a Report and Recommendation that Plaintiff's motion to amend his complaint be denied. [Docket Entry Nos. 187, 188]. In his Report and Recommendation, Magistrate Judge Hammer recommended denying Plaintiff's motion to amend due to Plaintiff's failure "to demonstrate good cause for allowing an amendment well after the Court's scheduling order deadline." (R&R, at 12).

Plaintiff duly filed his objection to Magistrate Judge Hammer's Report and Recommendation on June 5, 2012. [Docket Entry No. 193].[1] In his objection, Plaintiff objects to the Report and Recommendation on two general grounds: (1) the discovery dates as set in Magistrate Judge Cecchi's September 8, 2011 Scheduling Order were modified during the November 21, 2011 and January 24, 2012 Telephone Conferences with Magistrate Judge Hammer, and Plaintiff was made to understand that any motion to amend need comply with the appropriate Federal Rule on amending complaints and need by filed by the end of fact discovery (Pl. Obj., at 8-9); (2) the "new information" discovered to support a "good cause" finding was <u>neither</u> the termination of the rental assistance, or HABC and HUD's determinations that he was rightfully denied his benefits and had waived his right to a hearing. Rather, the "new" information that he received was HABC's indication to him that he had an actionable claim after his filed had been reviewed. (Id. at 12-13). Plaintiff states that it was only after he reviewed the file with Ms. Bartlett and Mr. Yates, and he received a copy of his file from Ms. Bartlett, that he

---

[1] Pursuant to L. Civ. R. 72.1(c)(2), "[a]ny party may object to the Magistrate Judge's proposed findings, recommendations or report issued under this Rule within 14 days after being served with a copy thereof."

7

received "new" information to establish the basis for amending his Third Amended Complaint:

> [P]laintiff still believes he acted with due diligence . . . on this issue, wherein even the lies told by HABC defendants didn't supply facts to support a cause of action, it just showed they were concealing something, but when the records were turn[ed] over[,] the fact[s] to support a cause of action were present.

(Pl. Obj., at 12-13).[2]

## II. LEGAL STANDARD

Pursuant to 28 U.S.C. § 636(b)(1)(A), Fed. R. Civ. P. 72 and L. Civ. R. 72.1(a)(2), when a magistrate judge addresses motions deemed "dispositive," he or she must submit a Report and Recommendation to the district court. Following the issuance of a Report and Recommendation,

> [t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate with instructions.

---

[2] Plaintiff appears to assert additional grounds to object to Magistrate Judge Hammer's Report and Recommendation on page 9 of his Objection. (Pl. Obj., at 9). Plaintiff first objects to the Report and Recommendation on grounds that Magistrate Judge Hammer gave Defendant an extension to file his opposition to Plaintiff's motion to amend. (Id.). Pursuant to L. Civ. R. 7.1(b), "[u]nless a Judge or Magistrate Judge advises the attorneys otherwise, all motions, regardless of their complexity and the relief sought, shall be presented and defended in the manner set forth in L. Civ. R. 7.1." L. Civ. R. 7.1(b) (emphasis added). A magistrate judge, at his or her discretion, has leeway in maintaining his or her own practices and procedures with respect to motion practice, and the Court rejects Plaintiff's objection on the ground that Magistrate Judge Hammer, at his discretion, altered the briefing schedule for Plaintiff's motion to amend. Second, Plaintiff objects to the fact that his "motion to amend took five (5) motion date [sic] before this motion was decided, which uses up all the rest of the discovery time set in this matter." (Pl. Obj., at 9). It is unclear on what grounds Plaintiff is objecting to Magistrate Judge Hammer's Report and Recommendation by stating this objection, but to the extent that Plaintiff is objecting to Magistrate Judge Hammer's scheduling of motion practice, the Court finds clear authority for him to do so pursuant to L. Civ. R. 7.1. Finally, Plaintiff objects to the Magistrate Judge Hammer's denial of his motion to stay discovery and the Report and Recommendation's statement that fact discovery ended on February 20, 2012 and expert discovery on May 21, 2012, "and that neither party has sought an extension of these deadlines." (Pl. Obj., at 9). Since the final scheduling order on the record regarding fact discovery and expert discovery sets as deadlines February 20, 2012 for fact discovery and May 21, 2012 for expert discovery [Docket Entry No. 176], and since Plaintiff filed his motion to amend on February 21, 2012, there was no fact discovery to stay as fact discovery was complete. Further, Magistrate Judge Hammer was not incorrect in stating that neither party sought an extension of the deadlines for fact and expert discovery since Plaintiff's request in his motion to amend was to stay discovery, not to extend any deadlines for discovery. Therefore, the Court rejects Plaintiff's objection to Magistrate Judge Hammer's Report and Recommendation on this ground.

8

Fed. R. Civ. P. 72(b)(3). A Report and Recommendation issued by a magistrate judge does not have the force of law unless and until the district court enters an order accepting or rejecting it. United Steelworkers of Am. v. New Jersey Zinc Co., Inc., 828 F.2d 1001, 1005 (3d Cir. 1987).

The standard of review of a magistrate judge's determination depends on whether the motion is dispositive or non-dispositive. For dispositive motions, as stated supra, the district court must make a de novo determination of those portions of the magistrate judge's report to which the litigant has filed an objection. 28 U.S.C. § 636(b)(1)(A), Fed. R. Civ. P. 72(b); L. Civ. R. 72.1(c)(2); see State Farm Indem. v. Fornaro, 227 F. Supp. 2d 229, 231 (D.N.J. 2002).

A magistrate judge may also hear and determine non-dispositive pretrial matters pending before the district court pursuant to 28 U.S.C. § 636(b)(1)(A). For non-dispositive motions, the district court will only reverse a magistrate judge's decision if it is "clearly erroneous or contrary to law." See 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); L. Civ. R. 72.1(c)(1)(A). Thus, this Court will review a magistrate judge's findings on non-dispositive motions "for clear error." Lithuanian Commerce Corp. Ltd. v. Sara Lee Hosiery, 177 F.R.D. 205, 213 (D.N.J. 1997)(citing Lo Bosco v. Kure Eng'g Ltd., 891 F. Supp. 1035, 1037 (D.N.J. 1995)). Under this standard, a finding is clearly erroneous when, "although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." Anderson v. City of Bessemer City, 470 U.S. 564, 573 (1985)(citation omitted). The district court is bound by the clearly erroneous rule as to findings of fact, while the phrase "contrary to law" indicates plenary review as to matters of law. Haines

v. Liggett Group, Inc., 975 F.2d 81, 91 (3d Cir. 1992). A district court may not reverse a magistrate judge's determination solely on the basis that it might have decided the matter differently: "A district judge's simple disagreement with the magistrate judge's findings is insufficient to meet the clearly erroneous standard of review." Andrews v. Goodyear Tire & Rubber Co., Inc., 191 F.R.D. 59, 68 (D.N.J. 2000); see also Bowen v. Parking Auth. of Camden, 2002 U.S. Dist. LEXIS 14585, at * 3 (D.N.J. Jul. 30, 2002). The Court reviews Judge Hammer's decision regarding Plaintiff's motion to amend, a non-dispositive motion, for clear error.

### III. DISCUSSION

Under Fed. R. Civ. P. 15(a)(2), a party "may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Once a pretrial scheduling order's deadline for filing motions to amend the pleadings has passed, "a party must, under Rule 16(b), demonstrate 'good cause' for its failure to comply with the scheduling order before the trial court can consider, under Rule 15(a), the party's motion to amend its pleading." Componentone, LLC v. Componentone, Inc., 2007 U.S. Dist. LEXIS 60165, at * 2 (W.D. Pa. Aug. 16, 2007); see also Fed. R. Civ. P. 16(b); Graham v. Progressive Direct Ins. Co., 271 F.R.D. 112, 118 (W.D. Pa. 2010).

Rule 16 authorizes courts to enter schedules for proceedings for the purpose of providing judicial control over a case, streamline proceedings, maximize the efficiency of the court system, and actively manage the timetable of case preparation to expedite the speedy and efficient disposition of cases. See Fed. R. Civ. P. 16; Newton v. A.C. & S., Inc., 918 F.2d 1121, 1126 (3d Cir. 1990). Rule 16 governs untimely motions to amend a complaint "because scheduling orders would otherwise 'be nullified if a party could

inject amended pleadings upon a showing of less than good cause after scheduling deadlines have expired." Stallings ex rel. Estate of Stallings v. IBM Corp., 2009 U.S. Dist. LEXIS 81963, at * 45-46 (D.N.J. Sept. 8, 2009)(quoting Harrison Beverage Co. v. Dribeck Importers, Inc., 133 F.R.D. 463, 469 (D.N.J. 1990)). A liberal policy permitting amendments may "deprive trial judges of the ability to effectively manage the cases on their overcrowded dockets. As Rule 16 recognizes, scheduling orders are at the heart of case management. If they can be disregarded without a specific showing of good cause, their utility will be severely impaired." Koplove v. Ford Motor Co., 795 F.2d 15, 18 (3d Cir. 1986).

For a moving party to make a showing of good cause, they must demonstrate diligence. If the party "was not diligent, there is no good cause for modifying the scheduling order and allowing the party to file a motion to amend its pleading." Chancellor v. Pottsgrove Sch. Dist., 501 F. Supp. 2d 695, 701 (E.D. Pa. 2007). The moving party therefore bears the burden of demonstrating that, "despite its diligence, it could not reasonably have met the scheduling order deadline." Hutchins v. United Parcel Service, Inc., 2005 U.S. Dist. LEXIS 15625, at * 8 (D.N.J. Jul. 26, 2005). The Court has "great discretion in determining what kind of showing the moving party must make in order to satisfy the good cause requirement of Fed. R. Civ. P. 16(b)." Thoman v. Philips Med. Sys., 2007 U.S. Dist. LEXIS 4990, at * 27 (D.N.J. Jan. 24, 2007). "[T]he absence of prejudice to the non-moving party does not constitute 'good cause' under Rule 16." Harbor Laundry Sales, Inc. v. Mayflowers Textile Servs. Co., 2011 U.S. Dist. LEXIS 144878, at * 8 (D.N.J. Dec. 16, 2011).

11

This Court has held that the standard for establishing the requisite diligence is not satisfied when a plaintiff was aware of the facts that would lead him or her to amend a complaint and then failed to act on that knowledge by moving to so amend. See Roggio v. FBI, 2011 U.S. Dist. LEXIS 91710, at * 15 (D.N.J. Aug. 17, 2011); Eichorn v. AT&T Corp., 484 F.3d 644, 651 (3d Cir. 2007). Therefore, whether a party is in possession of the relevant facts prior to the scheduling deadline has been critical for district courts in utilizing their discretion to deny motions to amend. See, e.g., Dimensional Commc'n, Inc. v. Oz Optics, Ltd., 148 Fed. Appx. 82, 85 (3d Cir. 2005)(upholding the district court's finding that the defendant movant could not show "good cause" where it "was in possession of the facts underlying its proposed counterclaim well before the amendment deadline"); Chancellor, 501 F. Supp. 2d at 702 ("A party is presumptively not diligent if, at the commencement of the lawsuit, the party knows or is in possession of information that is the basis of that party's later motion to amend."); Stallings, 2009 U.S. Dist. LEXIS 81963, at * 47 (denying plaintiffs' motion to amend because they "had sufficient information to state the proposed claims well in advance of the Scheduling Order deadline."); Kennedy v. City of Newark, 2011 U.S. Dist. LEXIS 73058, at * 4 ("The most common basis for finding a lack of good cause is the party's knowledge of the potential claim before the deadline to amend has passed.").

In this case, it is clear that Plaintiff did not comply with the September 9, 2011 deadline for amending pleadings as set forth in Magistrate Judge Cecchi's May 12, 2011 Order. Since Magistrate Judge Hammer did not find that Plaintiff had sufficiently demonstrated good cause for his untimely motion, he recommended denying Plaintiff's motion. (R&R, at 12). Specifically, Magistrate Judge Hammer found the "recently

discovered facts" that Plaintiff points to providing the basis for adding the new defendants and claims regarding the loss of his Section 8 rental assistance were not in fact recently discovered, but were rather known to the Plaintiff at least by December 2007, when he and his Legal Services attorney sent letters to the HABC requesting a hearing regarding the termination of his rental assistance. (Id. at 12-13). Magistrate Judge Hammer states that "Plaintiff provides no explanation for why he waited from December 2007 until August 2011 to pursue the matter further" and cites to letters that Plaintiff received from the HABC on September 28, 2011 and November 4, 2011, notifying him that had waived his right to a hearing. (Id. at 13). On the bases of these notifications, Magistrate Judge Hammer finds, the " 'new' information should have been evident to plaintiff long before he sought leave to amend his complaint to add the HABC defendants and claims." (Id.). Finally, Magistrate Judge Hammer points to Plaintiff's request for damages for the "loss of rent assistance" in all of his prior complaints, further indicating his awareness of facts that formed the basis of his Due Process and § 1437f claims. (Id.; see Compl., at ¶ 32(b); Am. Compl., at ¶ 33(c); Second Am. Compl., at ¶ 33(c); Third Am. Compl., at ¶ 37(c)). Given Magistrate Judge Hammer's finding of Plaintiff's awareness of these facts, he found that

> plaintiff has failed to demonstrate the requisite diligence in pursuing the claims he proposes to add. Even if plaintiff w[ere] uncertain about whether the HABC planned to give him a hearing regarding the termination of his benefits, the letter he received on September 28, 2011 clearly stated the HABC's position that plaintiff waived his right to a hearing, and that the decision was final. Yet, plaintiff waited until February 21, 2012 – nearly five months after receiving this letter – to move to amend his complaint. The diligence standard "is not satisfied when a party was aware of the facts that would lead it to amend and failed to act on it."

(R&R, at 14 (citing Roggio, 2011 U.S. Dist. LEXIS 91710, at * 15)). Magistrate Judge Hammer also rejected Plaintiff's arguments regarding his notification to the Court that he intended to amend his complaint since the notice provided was as to his May 20, 2010 motion to amend, which the Court granted, and the later notice, a letter filed on April 4, 2011, was taken into consideration in Magistrate Judge Cecchi's May 12, 2011 Order setting the September 9, 2011 deadline. (Id. at 14). Plaintiff's notification to the Court during the January 24, 2012 telephone conference was also found deficient since it was past the deadline to amend, and the Court informed him that he would need to demonstrate good cause in order to amend the complaint. (Id. at 14-15). Magistrate Judge Hammer accordingly recommended that Plaintiff's motion to amend and motion to stay be denied. (Id. at 15).

As stated supra, Plaintiff objects to Magistrate Judge Hammer's Report and Recommendation on two general grounds, the first contesting the discovery deadlines and the second challenging its "good cause" finding with respect to its assessment of Plaintiff's diligence in justifying a modification of the Scheduling Order. (See Pl. Obj., at 8-9, 12-13).

The Court construes Plaintiff's first objection as ultimately a challenge to Magistrate Judge Hammer's review of his motion to amend pursuant to the requirements of Fed. R. Civ. P. 16 rather than Fed. R. Civ. P. 15. With respect to that objection, the Court finds Plaintiff's arguments unconvincing since it was not clear error for Magistrate Judge Hammer to review Plaintiff's motion to amend pursuant to Fed. R. Civ. P. 16. Magistrate Judge Cecchi's May 12, 2011 Scheduling Order clearly listed the respective deadlines for fact discovery and expert discovery completion as well as for the filing of

all dispositive motions, and it specifically stated that, "[a]ny motions to amend the pleadings or to add parties shall be filed by **September 9, 2011**. The parties are barred from moving to add parties or amend pleadings thereafter." [Docket Entry No. 160]. Magistrate Judge Hammer's Order issued on November 22, 2011, did indeed extend fact and expert discovery, but in no way referenced a modification of the deadline for motions to amend or to add parties. [See Docket Entry No. 176]. Besides Plaintiff's representations in the instant Objection, there is no indication on the record subsequent to the issuance of the November 22, 2011 Order that Plaintiff requested clarification of its terms or that he had understood the modification of deadlines from the original May 12, 2011 Scheduling Order to include a modification of the deadline on filing motions to amend. The Court is bound to accept the factual findings of the Magistrate Judge as to whether Plaintiff requested and the Court granted a modification, off the record, to the May 12, 2011 Scheduling Order with respect to deadlines on the filing of motions to amend. See Haines, 975 F.2d at 91.

The Court is also bound to accept the factual findings of Magistrate Judge Hammer with respect to what occurred during the January 24, 2012 Telephone Conference. Even if the Court were to rejected those findings and found instead that Magistrate Judge Hammer did not notify Plaintiff during that conference about the requirement to show good cause in seeking to modify a scheduling order, "[t]he right of self-representation is not 'a license not to comply with relevant rules of procedural and substantive law.'" Andrews v. Bechtel Power Corp., 780 F.2d 124, 140 (1st Cir. 1985)(quoting Faretta v. California, 422 U.S. 806, 835 n. 46 (1975)).

15

The Court therefore finds that, in filing his motion to amend on February 21, 2012, Plaintiff did not meet the deadline set forth by any Scheduling Order on the record. Accordingly, the Court rejects Plaintiff's objection to Magistrate Judge Hammer's Report and Recommendation on grounds that it should have been resolved pursuant to Fed. R. Civ. P. 15 rather than Fed. R. Civ. P. 16.

In reviewing Plaintiff's failure to comply with the scheduling deadline, the Court, while sympathetic to Plaintiff's attempts to gain additional information from HABC and HUD regarding the termination of his benefits, is not persuaded by Plaintiff's argument that he has sufficiently demonstrated good cause to modify the Scheduling Order. Specifically, the Court finds that, while Plaintiff may not have been aware of certain facts prior to the scheduling deadline—for example, that the HABC Defendants would later recognize that the termination of his rental assistance was wrongful—that does not alter the fact that Plaintiff was in possession of all the relevant facts that he would need to assert his legal claim against those Defendants. As stated supra, for a plaintiff to show "good cause," he or she must demonstrate diligence to meet the scheduling deadline. See, e.g., Chancellor, 501 F. Supp. 2d at 701. While it is true that a party is presumptively not diligent if, at the commencement of the lawsuit, the party knows or is in possession of the information that is the basis for that party's later motion to amend, that presumption may be rebutted by "a clear and cognizable explanation why the proposed amendment was not included in the original pleading." Id. at 702; see also Price v. Trans Union, LLC, 737 F. supp. 2d 276, 279 (E.D. Pa. 2010). Plaintiff's only reasons given for not amending earlier are that the HABC Defendants lied to him and only notified him after reviewing his file in December 29, 2011 that his Section 8 benefits

were wrongly terminated. (Pl. Obj. at 12; Proposed Fourth Am. Compl., at ¶ 21(d)-(f)). While this disclosure may constitute new information as to the legal status of Plaintiff's claim as recognized by the HABC, it does not support a good cause finding. That is because the Court's diligence inquiry is as to what "the party knows or is in possession of . . . that is the basis for that party's later motion to amend." Chancellor, 501 F. Supp. 2d at 702 (emphasis added). The HABC Defendants' belated change in their view of the legal status of Plaintiff's claim against them is not the basis for Plaintiff's claim against them. Rather, the basis for his motion to amend is the underlying termination itself and the purported denial of his Due Process rights when that deprivation occurred without sufficient due process when his request for a hearing was denied. For this reason, Plaintiff cannot rebut the presumption that he was not diligent in filing his motion to amend by the Scheduling Order deadline, and the Court adopts Magistrate Judge Hammer's Report and Recommendation denying Plaintiff's motion to amend on this ground.

## IV. CONCLUSION

Having thoroughly reviewed Magistrate Judge Hammer's Report and Recommendation as well as Plaintiff's objections thereto,

**IT IS** on this 10 **day of July, 2012,**

**ORDERED** that the Report and Recommendation is hereby **ADOPTED**; and it is further

**ORDERED** that Plaintiff's Motion for Leave to File an Amended Complaint and for a Stay in Discovery is **DENIED.**

**IT IS SO ORDERED.**

DATED: July 10th, 2012

_____
Jose L. Linares
United States District Judge